15479

STATE v. BROWN

(23 S. E. (2d), 381)

418

*Mr. A. H. Dagnall,* of Anderson, Counsel for Appellant,

*Mr. Rufus Fant,* Solicitor, of Anderson, for the State, Respondent,

The opinion of the Court was delivered by Mr. Associate Justice Baker:

The "Statement".in the Transcript of Record is as follows: "The defendant was indicted and tried at the September term of the Court of General Sessions for Anderson County upon an indictment for housebreaking, grand larceny, and receiving stolen goods, knowing them to be stolen, of over Twenty Dollars ($20.00) in value. After all the evidence was in the State did not ask for a verdict of guilty for housebreaking and larceny but asked for a verdict of. guilty for receiving stolen goods. The jury found a verdict of guilty·of receiving stolen goods, and also found that the property stolen and received was of the value of Eighteen Dollars ($18.00). The defendant then made a motion in arrest of judgment on the ground that as the property stolen and received was under Twenty Dollars ($20.00) in value the Court of General Sessions had no jurisdiction as the Court of Magistrate had exclusive jurisdiction where the punishment does not exceed a fine of One Hundred Dollars ($100.00), or imprisonment for thirty days, pursuant to Section 3709, Volume 2, Code 1932. The Court overruled the motion in arrest of judgment and then duly sentenced the defendant.  *   *   *"

The order of the trial Judge refusing the motion in arrest of judgment apprises this Court that during the trial of the case, the appellant asked the court to charge the jury: "If the jury find from the evidence that the value of the personal property is less than Twenty Dollars ($20.00) even if the property is received by the defendant, the jury should find the defendant not guilty." The trial Judge refused to

charge the request because he was of the opinion that the Court of General Sessions had jurisdiction.

In addition to the exceptions of the appellant relating to the refusal of the trial Judge to grant his motion for arrest of judgment, he has also excepted to the refusal of the trial Judge to charge the request above set out. However, for all practical purposes, we need consider only the exceptions to the order overruling the motion for arrest of judgment following the verdict of the jury; and these raise but one question: In the light of the verdict of the jury, did the Court of General Sessions have jurisdiction to impose sentence, or was the offense within the exclusive jurisdiction of a magistrate?

It should be stated also that the respondent served additional grounds for sustaining the order appealed from, in which it is undertaken to draw a distinction between the use of the words "case" and "offense," but we are unable to perceive such difference.

Section 18 of Article V of the Constitution of 1895 provides: "The Court of General Sessions shall have jurisdiction in all criminal cases except those cases in which *exclusive* jurisdiction shall be given to inferior Courts, and in these it shall have appellate jurisdiction. It shall also have *concurrent* jurisdiction with, as well as appellate jurisdiction from, the inferior Courts in all cases of riot, assault and battery, and larceny. * * *" (Italics added.)

Section 21 of Article V of the Constitution of 1895 provides: "Magistrates shall have jurisdiction * * *. They shall have *exclusive* jurisdiction in such criminal cases as the General Assembly may prescribe: Provided, further, Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days. * * *" (Italics added.)

Section 3709 of the Code of 1932 provides: "* * * They [Magistrates] shall have *exclusive* jurisdiction in all criminal cases in which the punishment does not exceed a

fine of one hundred dollars or imprisonment for thirty days, except in cases of riot, assault and battery, and larceny, and the carrying of concealed weapons coupled with an offense in which such weapon is used. * * * Magistrates shall have *concurrent* jurisdiction only with the court of General Sessions in cases of riot, assault and battery and larceny. * * *" (Italics added.)

Section 927 of the Code of 1932 is as follows: "They [Magistrates] shall have jurisdiction of the offenses of buying, receiving or aiding in the concealment of stolen goods and other property, where they would have jurisdiction of the larceny of the same goods or property."

By Section 1161 of the Code of 1932, with reference to the offense of receiving stolen goods and the punishment therefor, it is provided: "* * * *Provided,* That when the chattel or other property stolen shall be of less value than twenty dollars, the punishment shall not exceed imprisonment in the county jail for thirty days, or a fine of not more than one hundred dollars."

The foregoing appear to be the only constitutional and statutory provisions in our law apposite to the issue; and the Code Sections bear the same number in the 1942 Code.

The indictment charged appellant with the offenses of housebreaking and larceny, and with receiving stolen goods at the time knowing them to be stolen; and the value of the stolen goods was alleged to be over twenty dollars. So that, until the verdict of the jury fixing the value of the property at less than twenty dollars, the Court of General Sessions had jurisdiction to try the offenses charged. But upon such finding, that is, that the stolen property received was of the value of only eighteen dollars, it would appear that the legislative mandate giving exclusive jurisdiction to the Court of magistrate is binding on the Court of General Sessions, and on this Court.

In the brief filed by respondent, there are three admissions as to the law. (1) "We agree with appellant that a

grant of jurisdiction in terms exclusive may properly be regarded as a limitation  *  *  *  of the jurisdiction of other Courts * * *;" (2) "We agree as stated in this case *(Clemmons v. Nicholson,* 188 S. C. 124, 198 S. E. 180*)* quoted by appellant that 'the jurisdiction of Magistrates is fixed by the Constitution and Statutes;' " and (3) "We agree that want of jurisdiction is ground for motion of arrest of judgment."

Section 18 of Article V of the Constitution confers on the Court of General Sessions jurisdiction in all criminal cases except those in which exclusive jurisdiction shall be given to inferior Courts, and as to these, it shall have appellate jurisdiction. This section then excepts certain offenses, to wit, riot, assault and battery, and larceny, and as to these offenses, confers concurrent jurisdiction with, as well as appellate jurisdiction from, inferior Courts.

Section 21 of Article V of the Constitution provides that magistrates shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe.

Sections 927 and 1161 had been the statute law of this State long prior to the adoption of the Constitution of 1895; and pursuant to the power conferred by the Constitution of 1895, the General Assembly in 1897 passed an Act (Section 3709 of the Code) giving magistrates exclusive jurisdiction in all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days, except in cases of riot, assault and battery, and larceny, and the carrying of concealed weapons coupled with an offense in which such weapon is used.

In discussing Sections 18 and 21 of Article V of the Constitution of 1895 in the case of *State v. Wolfe,* 61 S. C., 25, 39 S. E., 179, 180, this Court through Mr. Associate Justice Gary, afterward Chief Justice, stated: "* * * The foregoing sections of the constitution show that the court of general sessions has concurrent jurisdiction in all cases except those in which the general assembly may

prescribe exclusive jurisdiction in cases cognizable before magistrates or in which exclusive jurisdiction shall be given to other inferior courts; also, that the court of general sessions cannot be deprived of concurrent jurisdiction by the general assembly in any case of riot, assault and battery or larceny. * * *"

From the language used in the paragraph following the one from which the above quotation is taken, it is apparent that the Act of 1897, Section 4, which is now 3709 of the Code, was not called to the attention of the Court. However, it was there held that the indictment was not drawn under the statute law, but under the common law.

Where, as in this case, it cannot be properly held that the Court of General Sessions had concurrent jurisdiction for the reason that exclusive jurisdiction is given to the magistrate's Court, the value of the property involved being less than twenty dollars, and the punishment prescribed being a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, the motion for arrest of judgment should have been granted. *State v. Jeter*, 47 S. C., 2, 24 S. E., 889. As stated by appellant's counsel, had the Constitution and the statute applicable here simply conferred jurisdiction in such case on the magistrate's Court generally, and not exclusively, the Court of General Sessions would not have been deprived of its jurisdiction, but, inasmuch as in a case like this the jurisdiction of the magistrate's Court is expressly made exclusive, the Court of General Sessions was necessarily without jurisdiction.

The opinion of Mr. Justice Stukes makes it not inappropriate to add the following to the opinion as orginally prepared.

In his printed brief, the learned solicitor representing the respondent strenuously argued that if, upon a prosecution of appellant in the Court of magistrate, a jury should there find that the value of the stolen

property is more than Twenty ($20.00) Dollars, the magistrate would have to direct a verdict of not guilty. We think it is obvious that upon appellant being prosecuted in a Court of magistrate for receiving the stolen goods here in question, at the time knowing them to be stolen, he would be estopped from asserting a greater value than Twenty ($20.00) Dollars (as would also the State), having taken advantage of the finding of the jury in the Court of General Sessions that the property was of the value of only Eighteen ($18.00) Dollars. In other words, the value of the stolen property received would not be an issue in the trial of this case before a magistrate.

Such problem as has been here presented is one for legislative consideration.

Under the law as at present worded, it becomes our duty to set aside the sentence imposed on the appellant (defendant below) in the Court of General Sessions, since said Court did not have jurisdiction to impose sentence.

Reversed.

MR. CHIEF JUSTICE BONHAM, MR. ASSOCIATE JUSTICE FISHBURNE, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.

MR. ASSOCIATE JUSTICE STUKES (dissenting).

I do not agree that Court of General Sessions did not have jurisdiction to impose sentence because the jury found the value of the stolen goods received to be eighteen dollars, which latter is tantamount to saying that the Court had no jurisdiction to try the case.

The indictment fixed the jurisdiction in this respect. It alleged the value to be over twenty dollars. "And where the grade of an offense depends on the amount, as in larceny, in determining the jurisdiction of a justice (Magistrate) the statement of value in the complaint is controlling, and not the finding of the Court or jury." 16 R. C. L., 363. The same statement of the law, with the same citation of decision

authority, is found in the successor text to R. C. L., to wit, 31 Am. Jur., 739-40. To the same effect is the following from 14 Am. Jur., 918, in the discussion of Criminal Law: "Whether an inferior Court has jurisdiction of a particular offense must be determined by the allegations of the complaint and not by the facts proved on the trial." Similar statement of the rule is found in 22 C. J. S., Criminal Law, § 127, p. 211, as follows: "Whether or not a court has jurisdiction of the offense in a particular case *is determined from the allegations* in the accusation. It does not depend on the sufficiency of the accusation, as such, or the propriety of the venue, *or the facts appearing in the case;* nor is it affected by the plea of accused, or by the correctness of the court's determination of the issues involved." (Emphasis added).

There is another consideration which makes appellant's position untenable. If his contention should be upheld, the next natural step would be prosecution of him in a Court of magistrate where the jury might find the value of the stolen goods to be twenty dollars or more which would deprive that Court of jurisdiction, so an accused found guilty in both forums of the gravamen of the offense, namely the receiving of stolen goods knowing them to be stolen, would doubtless urge the anomaly that he could not be punished.

The latter would make a mockery of the law which does not seem to be required by a fair interpretation of the pertinent statutory provisions, as will be briefly set forth.

Code Section, 1161, makes the receiving of stolen goods a misdemeanor punishable by imprisonment in the discretion of the Court, provided (the word of the statute) that when the stolen property is of the value of less than twenty dollars the punishment shall not exceed the limits of the jurisdiction of a magistrate to wit, imprisonment for thirty days or a fine of not over one hundred dollars. The proviso literally affects only the punishment when the small prescribed value is involved, and does not make a separate or distinct misdemeanor of the receiving of such small value

of stolen goods. It is strikingly otherwise in the case of larceny and the very preceding Section of the Code, 1160, describes "petit larceny" and makes of it a separate misdemeanor; not so with receiving stolen goods as we have seen. And it should be noted that the latter crime, defined in Section 1161, is punishable by imprisonment unlimited by the terms of that section except (or provided, as the statute says) when the value of the stolen property is less than twenty dollars. Thus. it cannot be logically contended that receiving stolen goods is a misdemeanor, the punishment for which is within the jurisdiction of a magistrate, for plainly such is not the statutory provision. Jurisdiction to punish does not depend on whether the value is determined to be $18.00, as in this case, or $20.00 in another, such difference in value affecting only the degree of punishment.

In this view Code, § 3709, is not applicable. It prescribes the exclusive jurisdiction of Magistrates in criminal cases to be of those "in which the punishment does not exceed a fine of One Hundred Dollars or imprisonment for thirty days" with now irrelevant exceptions; and, as has been pointed out, the punishment prescribed by Section 1161 for one convicted of receiving stolen goods under its terms is imprisonment in the discretion of the Court without alternative of fine, unless the stolen property be of less value than twenty dollars.

This construction of the statutes mentioned is not in conflict with the provisions of Section 927 of the Code which gives magistrates jurisdiction of the offense of receiving stolen goods, among other things, "where they [Magistrates] would have jurisdiction of the larceny of the same goods or property." When the accusation, affidavit or warrant, lays the value of the stolen goods at less than twenty dollars, this section gives magistrates jurisdiction of the prosecution, which jurisdiction was not given in the present case because the indictment by the grand jury on which

the defendant was tried laid the value of the stolen goods at over twenty dollars, and the general rule is, as first above stated, that the accusation fixes the jurisdiction.

Furthermore, the effect of Section 927 is not controlling in favor of the appellant for another cogent reason. The terms of it confer upon magistrates jurisdiction of the "offenses of buying, receiving * * * of stolen goods * * *," but the vesting of such jurisdiction in magistrates is coupled with the condition that it exists "where they would have jurisdiction of the larceny of the same goods or property." It is not undertaken to vest exclusive jurisdiction in the Courts of Magistrates in such cases and the condition last quoted couples the section with Section 3709 in which larceny is expressly excepted from the exclusive jurisdiction conferred upon Magistrates by the terms of that section, and the two Code Sections can be construed together and both given effect only by the conclusion that Section 927 confers upon magistrates only concurrent jurisdiction with the Court of General Sessions of the crime for which the appellant was convicted by jury.

The former decisions of this Court relied upon by appellant's able counsel do not require a contrary decision to that indicated. They have been carefully considered, but the precise point now in issue was involved in none of them.