21449

Kenneth L. WHETSELL, Respondent, v. STATE of South Carolina, Appellant, and Charles E. HAWLEY, Respondent, v. STATE of South Carolina, Appellant.

(277 S. E. (2d) 891)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *Donald J. Zelenka,* Columbia, *for appellant.*

*Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for respondents.*

May 13, 1981.

GREGORY, Justice:

The State appeals the granting of post conviction relief to respondents on the ground their attorney's failure to make a motion to suppress evidence constituted ineffective assistance of counsel. We reverse.

Respondents pled guilty in General Sessions Court for Charleston County on October 5, 1978 to five (5) indictments charging them with housebreaking and grand larceny. They received three consecutive and two concurrent six (6) year sentences for a total of eighteen (18) years.

The events leading to respondents' guilty pleas began when they, riding in respondent Whetsell's automobile, were stopped by the police at 3:00 a. m. for a traffic violation. The police seized a sledge hammer from the back seat of the automobile. They also searched respondents' persons, recovering a motel room key from respondent Hawley.

The police then turned over respondents to another local police unit who transported them to Ravenel, some fifteen miles away, where they were charged with breaking into a Ravenel market. Later they were transferred to the Charleston County jail.

Meanwhile, the officers who initially stopped respondents went to the Catalina Motel. They met respondent Whetsell's sister at a motel room door. She and her children were staying there. The police used the key seized from respondent Hawley to enter the room where they found a vast quantity of stolen goods. It is this evidence and their subsequent con-

fessions which respondents contend their attorney should have moved to suppress.

When they entered their guilty pleas, respondents stated they were guilty, they were pleading guilty freely and voluntarily without promises or threats from anyone and they were satisfied with the representation of their attorney. They further stated they were aware of their rights to a jury trial and they were not under the influence of drugs or alcohol. The trial judge advised them of the maximum sentence on each indictment. The State chose not to present indictments for six additional charges in Berkeley County and two additional charges in Charleston County of housebreaking and grand larceny. More than a year later, respondents filed separate petitions for post conviction relief which were granted by the trial judge. This appeal followed.

The general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea. *Rivers v. Strickland,* 264 S. C. 121, 213 S. E. (2d) 97 (1975); *State v. Fuller,* 254 S. C. 260, 174 S. E. (2d) 774 (1970), modified and vacated on other grounds, 408 U. S. 937, 92 S. Ct. 2863, 33 L. Ed. (2d) 755 (1972). This rule applies to the claim that counsel was ineffective.

Furthermore, review of a trial error is unnecessary where a defendant admits in open court after his conviction that he is guilty. *State v. Sroka,* 267 S. C. 664, 230 S. E. (2d) 816 (1976). Here, respondents not only reiterated their guilt at the post conviction hearing, but stated they would plead guilty again if granted a new trial.

Even if there were no waiver, counsel's failure to make the motion to suppress here did not constitute ineffective assistance of counsel rendering the guilty pleas involuntary.

The United States Supreme Court faced the issue of whether counsel's failure to seek exclusion of an allegedly coerced confession constituted ineffective assistance of counsel rendering a guilty plea involuntary as follows:

"As we said in *Brady v. United States,* 397 U. S. [742] at 756, 757 [90 S. Ct. 1463, 1473] 25 L. Ed (2d) [747] at 760, 761, the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. *Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would these facts convince a judge or jury of the defendant's guilt? On these facts would evidence seized without a warrant be admissible?* Would the trier of fact on those facts find a confession voluntary and admissible? Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertan as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

"That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post conviction hearing. *McMann v. Richardson,* 397 U. S. 759, 769-770, 90 S. Ct. 1441 [1448] 25 L. Ed. (2d) 763, 772-773 (1970)." (Emphasis added.)

At the post conviction hearing, respondents' counsel at the time of the pleas testified he failed to make the motion to suppress based on several grounds. First, the Public Defender's office, where he was employed as an attorney, was overworked. Second, he believed the police officers may have

been able to come into court and testify there was probable cause sufficient to carry their burden of proof. Third, ". . . you can't get federal review of the Fourth Amendment questions after *Stone v. Powell* [428 U. S. 465, 96 S. Ct. 3037, 49 L. Ed. (2d) 1067] in the Federal District Court if a full and fair hearing has been held in the State Court. The South Carolina Supreme Court does not review the Fourth Amendment questions very favorably. At least for the defendant. They do for the State." Fourth, the presiding judge during that term of court was "the lightest sentencer in South Carolina."

This testimony demonstrates respondents' experienced counsel went through the analysis outlined in *McMann v. Richardson, supra,* and made an informed judgment as to whether the motion to suppress should be made and the guilty plea entered. As in *McMann,* his informed advice should not be subject now to retrospective examination.

For the foregoing reasons, it was error to grant respondents' petitions for post conviction relief. Therefore, we reverse the orders and reinstate the convictions and the sentences.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.