23763

Bennie WICKER Jr., Petitioner v. STATE of South Carolina, Respondent.
(425 S.E. (2d) 25)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted March 24, 1992; Decided Dec. 14, 1992

Reh. Den. Jan. 20, 1993.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of postconviction relief (PCR) to Petitioner Bennie Wicker, Jr. We have reviewed the trial record pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E. (2d) 60 (1986), and *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974). After fully considering the entire record, briefs of the parties and the applicable law, we affirm.

*Davis v. State, supra,* promulgates procedural guidelines for review of PCR cases in which a petitioner's knowing and intelligent waiver of the right to direct appeal is at issue. Under an exception to the prohibition against appellate courts considering appeals in the absence of notice of intent to appeal given and timely served, *White v. State, supra,* permits consideration of the full trial record on this issue in conjunction with appellate review of the PCR proceeding.

Petitioner entered a plea of guilty to murder, burglary and armed robbery on April 10, 1984. He received concurrent sentences of life imprisonment for murder and burglary, and twenty-five years for armed robbery. No direct appeal was taken.

Petitioner filed an application for PCR dated May 23, 1984, alleging ineffective assistance of counsel, involuntariness of his guilty plea, coercion, unconstitutionality of warrants and indictments, that he made certain statements to law enforcement while under the influence of drugs, that he was denied a preliminary hearing and not informed of his right to appeal. On September 17, 1984, an evidentiary hearing was held before Judge Walter J. Bristow, Jr., and by order dated November 15, 1984, PCR was denied.

On August 6, 1986, petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of South Carolina. The report of the United States Magistrate dated January 7, 1987, recommended that the petition be denied. On February 5, 1987, the United States District Court granted respondent's motion for summary judgment.

Subsequently, petitioner petitioned the United States Court of Appeals for the Fourth Circuit for a Certificate of Probable Cause to Appeal, which petition was denied May 12, 1987. His petition for rehearing was denied on July 9, 1987.

On September 8, 1987, petitioner filed a Petition for Writ of

Certiorari in the United States Supreme Court, which denied certiorari on December 14, 1987.

On April 15, 1988, petitioner filed a second application for PCR. On May 25, 1988, respondent filed its return and a motion for summary dismissal. On September 21, 1988, Judge Thomas L. Hughston, Jr., issued a conditional order dismissing the application as successive. S.C. Code Ann. § 17-27-90 (1976). On March 24, 1989, Judge James E. Moore issued a Final Order dismissing the application with prejudice upon a finding that petitioner had failed to show cause why the dismissal should not become final.

On April 4, 1989, Judge Moore filed an Amended Final Order which incorporated his Final Order and included the amendment that a document filed by the petitioner captioned "Applicant's Explanation Why Conditional Order of Dismissal Should Not Become Final," dated October 2, 1988, had been misfiled by the Office of the Clerk of Court and not forwarded to the Attorney General until March 31,1989. The amend ment reflected the finding of the court that after reviewing petitioner's response, the court did not find a showing of sufficient reason why the Conditional Order of Dismissal should not become final, and so ordered. S.C. Code Ann. § 17-27-70(b) (1976).

By notice dated March 31, 1989, petitioner appealed the denial of PCR to this Court, asserting that his first PCR counsel did not inform petitioner of his right to appeal, nor did counsel file notice of intent to appeal after being told by petitioner that he desired to appeal if he did not prevail on PCR. Upon a finding that petitioner's reply to the Conditional Order of Dismissal raised sufficient allegations to warrant an evidentiary hearing, we reversed and remanded. *Wicker v. State*, Op. No. 23175 (S.C. Sup. Ct. filed March 12, 1990).

On October 31, 1990, an evidentiary hearing was held before Judge Thomas L. Hughston, Jr. In an Amended Application for PCR, petitioner alleged ineffective assistance of counsel in seven specifics, also that his plea was involuntary, and that he was denied due process and equal protection of the law. In his order of dismissal dated December 28, 1990, Judge Hughston found that petitioner's prior PCR counsel had raised each allegation in the application upon which the first PCR hearing had been conducted, that petitioner had not appealed the de-

nial of PCR upon the dismissal of his first application, and that he was barred from raising the allegations made in his amended application. The second PCR judge found that petitioner had failed to meet his burden of proof to establish that the allegations of his first application were not adequately raised. *Aice v. State*, 305 S.C. 448, 409 S.E. (2d) 392 (1991).

Additionally, Judge Hughston found that petitioner's first PCR counsel was ineffective in that he failed to appeal the denial of PCR, and that petitioner had not voluntarily waived his right to appeal. Judge Hughston denied PCR and dismissed the application, in reliance upon *Austin v. State*, 305 S.C. 453, 409 S.E. (2d) 395 (1991), wherein this Court held that upon a finding by the circuit court that counsel was ineffective in failing to timely seek appellate review of the denial of PCR, it was within the purview of this Court to determine whether petitioner was prejudiced by such failure.

Petitioner appealed, and this review is limited to a determination of whether he was prejudiced by PCR counsel's failure to appeal the initial denial of PCR. The two-prong test for establishing ineffective assistance of counsel is, first, it must be shown that counsel's performance was deficient; and second, that the defendant was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). Our sphere of review is governed by *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989), which mandates that findings of the PCR judge be upheld if supported by any evidence of probative value.

Judge Bristow found that the representation provided by trial-level counsel was well within the standard of competence demanded in criminal matters, that petitioner's guilty plea complied fully with the mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), and that his plea was knowingly and voluntarily entered.

Petitioner alleges ineffective assistance of counsel prior to and during his guilty plea because, *inter alia*, his pleas were not voluntary and intelligent inasmuch as they were entered in reliance upon erroneous advice of counsel. Petitioner contends he would not have pled guilty but for counsel's advice that if he did not plead guilty, he could receive the death penalty.

Petitioner's plea counsel testified that petitioner had given a confession and the state had the proof they needed; therefore, a trial would have been pointless since a conviction was likely. Counsel stated that he discussed with the petitioner his right to a trial, and related counsel's opinion that the facts did not warrant the death penalty. Counsel testified that he did not threaten or coerce the petitioner in any way; that he advised petitioner of the possible punishments—the sentences arising from a plea and the risk of receiving the death penalty if the state elected to seek the death penalty upon conviction by a jury.

The record of petitioner's guilty plea reflects that in petitioner's presence, counsel answered in the affirmative when questioned by the judge as to whether he had discussed with petitioner the charges, the applicable punishment and whether counsel was of the opinion that the petitioner understood fully the charges, the law applicable to each, and the felony murder rule. Prior to accepting petitioner's plea, the judge questioned petitioner extensively concerning petitioner's understanding of the charges, the punishment, plea negotiations, and whether his plea was free and voluntary. At intervals during questioning when the petitioner either hesitated or shook his head in response to inquiries, the judge allowed the petitioner to confer with counsel. Throughout the proceedings, the judge reiterated to the petitioner the requirement that his plea be intelligently, freely and voluntarily entered, and that petitioner had the right to a jury trial.

There is evidence in the record, excluding petitioner's confession, which reflects his admitted culpability in the offense, and that these factors were considered prior to and during the plea proceedings. We find that the record evinces overwhelming evidence of petitioner's guilt, and that he pled guilty with the view of evading a possible death sentence. Under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. (2d) 162 (1970), pleading guilty to preclude exposure to the death penalty does not, in and of itself, render an otherwise valid guilty plea defective. The record clearly establishes petitioner's knowledge of the sentences attendant to a guilty plea, and a plea is knowing and voluntary when entered with awareness of its consequences. *See Boykin v. Alabama, supra.*

We conclude that the petitioner was not prejudiced as a result of his first PCR counsel's ineffectiveness in failing to appeal the denial of PCR. Accordingly, the validity of petitioner's guilty plea and sentences are affirmed.

Affirmed.

HARWELL, C.J., and CHANDLER and TOAL , JJ., concur.

MOORE, J., not participating.