481 S.E.2d 709

**Rodney Dale SATTERWHITE, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24579.**

Supreme Court of South Carolina.

Submitted Nov. 21, 1996.

Decided Feb. 18, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Attorney General Teresa A. Knox, Columbia, for petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of S.C. Office of Appellate Defense, Columbia, for respondent.

BURNETT, Justice:

In this post-conviction relief (PCR) proceeding, this Court granted the State's petition for certiorari to review the PCR court's finding counsel ineffective and respondent's plea involuntary because the plea was rendered out of fear respondent would remain in "lock-up." We reverse.

## ISSUE

Is there any evidence which supports the PCR judge's conclusion that counsel was ineffective, thereby rendering respondent's plea involuntary?

## FACTS

While incarcerated, respondent was allegedly involved in an altercation between inmates and correctional officers. He was indicted on four charges, and, upon his plea to resisting arrest, the remaining charges were dismissed. During the plea proceeding, the trial judge fully advised respondent of his constitutional rights. Thereafter, the solicitor explained respondent's involvement in the incident at the prison and respondent admitted he resisted a correctional officer's attempt to place him under lawful arrest.

Respondent denied being threatened or coerced to plead guilty. He indicated he was fully satisfied with his attorney's services, had no complaint against his attorney, and did not need his attorney to do anything else.

At the PCR hearing, respondent testified he was incarcerated at McCormick Correctional Institute on administrative segregation, in "lock-up." He explained he was in the recreational yard when two other inmates physically assaulted a third inmate and one inmate made obscene comments to a female correctional officer. Believing respondent was in-

volved in the incident, a correctional officer grabbed respondent's arm to place him under arrest and respondent jerked his arm down.[1]

Respondent testified he met with trial counsel at the preliminary hearing. Thereafter, respondent wrote the Clerk of Court for McCormick County in December 1991, asking that counsel be relieved, that he be allowed to appear *pro se,* that the clerk subpoena his enclosed list of witnesses, and that he be given a speedy trial. Respondent testified counsel later visited him in jail. Respondent stated he gave counsel a similar list of witnesses to subpoena. Respondent admitted counsel talked with some of these witnesses.

Respondent testified he appeared for trial in March 1992. He stated, although counsel told him he had subpoenaed some of the witnesses, respondent did not see his witnesses in the courthouse. Respondent's case was continued.

In June 1992, respondent entered his guilty plea. Respondent maintained he pled guilty because he was not getting assistance from counsel. He further testified he had been in administrative lock-up for so long and was told he would remain in lock-up until the charges against him were resolved. Respondent stated, in terms of an investigation, he had wanted counsel to talk to correction staff members and inmates.

Trial counsel testified he was appointed to represent respondent on November 6, 1991, and spoke with him briefly at the preliminary hearing. Counsel testified respondent wrote him many letters and sent him a list of witnesses to subpoena. Counsel stated he received a letter from respondent asking that he be relieved. Counsel explained he wrote the administrative judge with respondent's request and the judge replied that respondent had no choice as to who was appointed to represent him.

Counsel testified he spent the better part of an afternoon at the prison with respondent discussing which witnesses were most beneficial. After this meeting, respondent indicated he wanted counsel to continue to represent him. Counsel stated he later returned to the prison and spent 5½ hours talking with respondent's witnesses and witnesses for the State, in-

---

1. The indictments indicate this incident occurred in October 1991.

cluding the correctional officers who had witnessed the incident.

Counsel testified respondent's case was scheduled for a jury trial on March 25, 1992, and he had subpoenaed witnesses for that date. Counsel stated he did not see the witnesses at the courthouse, but explained it was typical for the guards to bring inmate witnesses to the courthouse at the last minute. Counsel testified he filed a motion for a continuance until the June term of court.[2]

Counsel stated respondent maintained his innocence with regard to the assault charges, but admitted he had struggled with the officer who was taking him into custody. Counsel testified he had no idea respondent was going to plead guilty in June. Counsel explained although some of respondent's witnesses were "falling through," he still had some good witnesses and counsel wanted to go to trial. Counsel testified he thought respondent pled guilty because he had been in lock-up for nine months. Counsel stated, despite being on lock-up for nine months, respondent was mentally competent to enter a plea.

The PCR judge concluded counsel was ineffective because he was not prepared to go to trial in March 1992 and respondent believed counsel was not prepared for trial in June 1992. The judge further concluded, if counsel had been prepared and respondent had not been in lock-up, there was a reasonable probability respondent would not have pled guilty but insisted upon going to trial.

## DISCUSSION

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove counsel's performance was deficient and the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's

---

2. The record does not indicate why counsel filed the motion for a continuance, but counsel suggested respondent agreed with the motion.

unprofessional errors, there is a reasonable probability he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991). If there is any evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State*, *supra*. If there is no probative evidence to support the PCR judge's findings, the findings will not be upheld. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

■ The evidence does not support the PCR judge's conclusion that counsel was ineffective. Respondent's own testimony indicates counsel requested a preliminary hearing, met with him at jail, and interviewed his witnesses. At the plea, respondent stated he was fully satisfied with counsel's services, he had no complaint against counsel, and he did not need counsel to do anything else.

Further, counsel's testimony indicates he requested a preliminary hearing, spent hours with respondent discussing his defense and, later, hours interviewing both respondent's and the State's witnesses. He subpoenaed witnesses for trial in March and wanted to go to trial in June 1992. Counsel's request for a continuance in March 1992 is not, without more, evidence of ineffective assistance. *Hill v. Lockhart, supra* (counsel's representation must fall below the standard of reasonableness). Further, respondent's *belief* that counsel was unprepared for trial in June 1992 is not evidence that counsel was, in fact, not prepared.

■ Moreover, the fact that respondent may have entered a guilty plea in order to obtain his release from lock-up does not render the plea involuntary. *Wicker v. State*, 310 S.C. 8, 425 S.E.2d 25 (1992) (although petitioner pled guilty to avoid a possible death sentence, the plea was entered with knowledge of the sentences attendant to the guilty plea and so was knowing and voluntary).

The PCR judge's conclusion that counsel was ineffective and respondent's plea was involuntary is not supported by the record. *Holland v. State, supra.*

**REVERSED.**

FINNEY, C.J. and TOAL, MOORE and WALLER, JJ., concur.