491 S.E.2d 251

**Jeremiah S. CRADDOCK, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 24690.**

Supreme Court of South Carolina.

Submitted Sept. 9, 1997.

Decided Sept. 22, 1997.

Assistant Appellate Defender Lisa G. Echols, of S.C. Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Barbara M. Tiffin, Columbia, for respondent.

PER CURIAM.

Petitioner pled guilty to armed robbery, assault and battery with intent to kill, and grand larceny. Following petitioner's testimony at the hearing on his application for post-conviction relief (PCR), the PCR judge granted the State's motion for a directed verdict. Petitioner now seeks a writ of certiorari. We grant the petition, dispense with further briefing, vacate the order of the PCR judge, and remand the matter for a full hearing on petitioner's PCR application.

At the PCR hearing, petitioner admitted his guilt, but testified that he would not have pled guilty but for the fact that counsel promised him a twenty-five year sentence in exchange for his guilty plea. The State then moved for a directed verdict on the ground that petitioner had admitted his guilt and, accordingly, had not met his burden of proof. The PCR judge, citing *Whetsell v. State*, 276 S.C. 295, 277 S.E.2d 891 (1981), found that because petitioner admitted his guilt, his application should be denied.

In *Whetsell*, the petitioner pled guilty to the crimes. On PCR, he alleged ineffective assistance of counsel in failing to make a motion to suppress evidence. The Court found that the petitioner's admission of his guilt, as well as his testimony that he would plead guilty again if granted a new trial, rendered a review of trial error unnecessary. The rule set forth in *Whetsell* applies only where the applicant is not

prejudiced by any allegations of the PCR application because of the admission of guilt.

 In this case, petitioner alleged that counsel was ineffective, rendering his guilty plea invalid, in promising him a twenty-five year sentence. Petitioner testified that, although he was guilty of the crimes charged, he would not have pled guilty if not for counsel's promise. His admission of guilt did not render counsel's allegedly deficient performance non-prejudicial. Accordingly, *Whetsell* is inapplicable and the PCR judge improperly directed a verdict against petitioner on the ground that he admitted his guilt. We, therefore, vacate the order of the PCR judge and remand this matter for a full hearing on petitioner's application for PCR.

VACATED AND REMANDED.