517 S.E.2d 442

**Calvin Nelson TURNER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24962.

Supreme Court of South Carolina.

Submitted May 27, 1999.
Decided June 28, 1999.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General Mathew M. McGuire, all of Columbia, for respondent.

## ON WRIT OF CERTIORARI

MOORE, Justice:

We granted petitioner a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We reverse.

### FACTS

■ Immediately prior to petitioner's guilty plea, petitioner's probation was revoked and he was sentenced to serve the

14 years remaining on other prior charges.[1] This was an error as petitioner had only 7 years remaining on his sentence when his probation was revoked. Petitioner then pled guilty to distribution of crack cocaine, two counts of forgery, and failure to stop for a blue light. He was sentenced to 15 years imprisonment for the distribution charge, 5 years for each forgery charge, and 3 years for the failure to stop charge. All sentences were to run concurrently to each other, including the sentence imposed for the probation revocation. The PCR judge granted petitioner a new probation revocation hearing but denied petitioner relief for his guilty plea.

## ISSUE

Was trial counsel ineffective rendering petitioner's guilty plea involuntary?

## DISCUSSION

Petitioner contends the PCR judge erred in denying him PCR. We agree.

■■■■ A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997); *Satterwhite v. State*, 325 S.C. 254, 481 S.E.2d 709 (1997). The PCR judge in his order held that the principal reason he had to deny relief was because petitioner failed to carry his burden and show why further action on the part of trial counsel would have benefitted petitioner or how there was a reasonable probability that the result would have been better. We find this was error. The court should have focused on whether petitioner would have pled guilty had trial counsel accurately informed him of the situation.

We realize that trial counsel along with everyone else was under the mistaken impression that petitioner had to serve 14 years under the probation revocation. However, in reality

---

1. Petitioner had previously pled guilty to 3 counts of forgery and had been sentenced to 7 years on 2 counts and 7 years on the third count suspended upon the service of 5 years probation, all to run consecutively.

petitioner had only 7 years remaining under his previous sentence. During guilty plea negotiations, petitioner was offered a 15–year sentence to run concurrently to the probation revocation sentence. In essence, petitioner and trial counsel thought he would then serve only 1 year in addition to the probation revocation sentence. Petitioner testified he would not have pled guilty to the 15 year concurrent sentence for his most recent charges had he known that he was subjecting himself to an additional 8 years rather than merely 1 year.

In denying PCR, the PCR judge relied upon trial counsel's testimony that he would have still advised petitioner to plead guilty. However, the question is whether petitioner after being correctly informed would have still pled guilty. He testified he would not have. Thus, petitioner was entitled to PCR. *Alexander v. State,* 303 S.C. 539, 402 S.E.2d 484 (1991)(court found ineffective assistance of counsel when trial counsel misinformed petitioner and petitioner testified at PCR he would not have pled guilty). Accordingly, the denial of PCR is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.