520 S.E.2d 617

**Richard Charles JOHNSON, Petitioner,**

**v.**

**William D. CATOE, Director, Department of Corrections, and Charles M. Condon, Attorney General of South Carolina, Respondents.**

**No. 24991.**

Supreme Court of South Carolina.

Heard June 23, 1999.
Decided Aug. 23, 1999.

John H. Blume, of Ithaca, New York; and David P. Voisin, of Center for Capital Litigation, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia, for respondents.

David I. Bruck, of Columbia, for amici curiae S.C. Association of Criminal Defense Lawyers and S.C. Public Defenders Association.

MOORE, Justice:

We have accepted this case in our original jurisdiction to consider whether our decision in *Whetsell v. State*, 276 S.C. 295, 277 S.E.2d 891 (1981), procedurally bars collateral review of guilt phase issues raised by a capital defendant who admits

guilt during the sentencing phase of trial. We hold it does not.

## FACTS

In 1985, petitioner Johnson fatally shot a motorist, Dan Swanson, with whom he had hitched a ride. Petitioner concealed the body in the back of the victim's recreational vehicle and continued driving. When Trooper Bruce Smalls stopped petitioner for driving erratically, petitioner shot him to death.

In February 1986, petitioner was convicted and sentenced to death in Jasper County for the murder of Trooper Smalls. This conviction was reversed on appeal. *State v. Johnson,* 293 S.C. 321, 360 S.E.2d 317 (1987).[1] Petitioner was retried and again sentenced to death. This sentence was upheld on appeal. *State v. Johnson,* 306 S.C. 119, 410 S.E.2d 547 (1991), *cert. denied,* 503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed.2d 404 (1992).

Petitioner sought post-conviction relief (PCR) on several grounds. In its 1994 order, the PCR court addressed petitioner's issues on the merits and denied relief. On two issues, it ruled in the alternative that relief was procedurally barred because petitioner had admitted his guilt during his statement to the jury in the sentencing phase of his trial. The PCR court cited *Whetsell* as support for this procedural bar. Petitioner sought review in this Court but did not challenge the PCR court's *Whetsell* ruling. We denied review.

In December 1996, petitioner filed a federal habeas corpus action in federal district court. The district court concluded petitioner's guilt phase issues were procedurally barred citing the PCR court's ruling under *Whetsell* because this was an adequate and independent state procedural rule. Further, it found relief should be denied on the substantive issues in any event. On appeal, a two-judge majority of the Fourth Circuit Court of Appeals affirmed in an unpublished opinion with one dissenter. *Johnson v. Moore,* 1998 WL 708691 (4th Cir.1998). The majority agreed with the district court's application of

---

1. Petitioner pled guilty in Clarendon County to murder and armed robbery for the death of Dan Swanson and was sentenced to life plus twenty-five years. Only the Jasper County conviction is involved in this case.

*Whetsell* and in the alternative affirmed on the merits of the issues raised.

■ Petitioner then filed this petition for habeas corpus raising the procedural question whether *Whetsell* precludes collateral review and alleging several substantive grounds for relief. We deny relief on the substantive grounds raised in the petition for habeas corpus [2] but accept consideration of the *Whetsell* issue because it is an important one in statewide capital litigation.

## DISCUSSION

■ *Whetsell* is a guilty plea case in which PCR was granted on the ground counsel was ineffective for failing to move to suppress evidence. In reversing the grant of relief, this Court cited *State v. Sroka*, 267 S.C. 664, 230 S.E.2d 816 (1976), for the proposition that "review of a trial error is unnecessary where a defendant admits in open court after his conviction that he is guilty." 277 S.E.2d at 892. We then concluded: "Here, [the PCR applicants] not only reiterated their guilt at the post conviction hearing, but stated they would plead guilty again if granted a new trial." *Id.* In the case now before us, the PCR court and the federal courts agreed with the State that this language in *Whetsell* bars a capital defendant who admits his guilt at sentencing from

---

2. All petitioner's substantive issues have been addressed and denied on the merits by the PCR court and/or the federal courts. Although the dissenter in the Fourth Circuit opinion complains that petitioner's alleged *Brady* violation regarding witness Hess was never addressed, the majority opinion in fact addresses it. *Johnson v. Moore, supra,* at 9–10. Moreover, we agree with the majority's conclusion in that case that the evidence in question was not material. Johnson admitted his guilt for the murder of Swanson when he pled guilty to that crime in Clarendon County. In light of this fact, the Fourth Circuit found:

We cannot believe that a jury would have found Hess' position that Johnson was not responsible for the Swansen (sic) murder—a murder he himself had admitted—to be exculpatory with respect to Trooper Smalls' murder, especially in view of the fact that the jury was aware that Hess had changed her story on several previous occasions. *Id.* at 10. We agree that petitioner has failed to establish the materiality required to prove a *Brady* violation. *See United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375 (1985). We decline to revisit petitioner's remaining substantive issues.

collateral review of guilt phase errors. This is an incorrect reading of *Whetsell.*

The operative fact in *Whetsell* is not the admission of guilt but the fact that the PCR applicants in that case stated **they would plead guilty again if granted a new trial.**[3] A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that **but for counsel's errors, the defendant would not have pled guilty.** *Wolfe v. State,* 326 S.C. 158, 485 S.E.2d 367 (1997); *Satterwhite v. State,* 325 S.C. 254, 481 S.E.2d 709 (1997). Thus, the PCR applicants in *Whetsell* could not prevail on their claims of ineffectiveness because they failed to meet the second prong, or prejudice prong, of this analysis.

In *Craddock v. State,* 327 S.C. 303, 491 S.E.2d 251 (1997), we specifically rejected the State's contention that *Whetsell* barred collateral review. The *Craddock* case distinguishes *Whetsell* on the ground Craddock stated he would not have pled guilty but for counsel's error. Unlike the applicants in *Whetsell,* Craddock was therefore able to satisfy the prejudice prong despite his admission of guilt and, accordingly, *Whetsell* did not apply. 491 S.E.2d at 251–52.[4]

## CONCLUSION

In conclusion, *Whetsell* does not stand for the proposition that a defendant who admits his guilt is barred from collater-

---

**3.** The citation to *State v. Sroka, supra,* in the *Whetsell* opinion is misplaced since *Sroka* is a direct appeal employing a harmless error analysis and not a collateral attack on a conviction.

**4.** The Fourth Circuit majority in *Johnson v. Moore, supra,* struggled with *Craddock* and concluded it was merely a "refinement" of the *Whetsell* rule in that it allowed the defendant to collaterally attack his guilty plea because the alleged error went to the voluntariness of the plea. In fact, a PCR applicant in such a case must still satisfy the prejudice prong on collateral attack and *Whetsell* would still apply. *See Gibson v. State,* 334 S.C. 515, 514 S.E.2d 320 (1998); *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998) (PCR applicant challenging voluntariness of plea must show that but for counsel's error he would not have pled guilty). *Craddock* simply confirms that application of *Whetsell* depends upon whether or not a PCR applicant has stated he would plead guilty anyway.

ally attacking his conviction. *Whetsell* stands only for the narrow proposition that a PCR applicant who has pled guilty on advice of counsel cannot satisfy the prejudice prong on collateral attack if he states he would have pled guilty in any event. Accordingly, *Whetsell* does not bar a capital defendant who admits his guilt at sentencing from challenging guilt phase errors on collateral attack.

QUESTION ANSWERED.

TOAL, WALLER, and BURNETT, JJ., concur.

FINNEY, C.J., concurring in part and dissenting in part in a separate opinion.

FINNEY, Chief Justice:

I respectfully concur in part and dissent in part. I concur with the majority opinion insofar as it addresses and decides the **only** issue before the Court, that *Whetsell v. State*, 276 S.C. 295, 277 S.E.2d 891 (1981), does not bar collateral review of guilt phase issues when a capital defendant admits guilt[1] during the sentencing phase of his trial. I dissent, however, from that part of the majority opinion which gratuitously addresses the merits of petitioner's substantive *Brady* claim, and incorrectly holds the suppressed evidence was not material. I would simply omit footnote 2.

---

1. I assume without deciding that we are bound by the law of the case to hold that petitioner's penalty phase statement was an admission of guilt. *See State v. Johnson*, 306 S.C. 119, 410 S.E.2d 547 (1991).