527 S.E.2d 112

**Jerry Nathan DEAL, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25052.**

Supreme Court of South Carolina.

Submitted Nov. 17, 1999.

Decided Jan. 24, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for respondent.

PER CURIAM:

Respondent entered a nolo contendere plea to possession of contraband by a prisoner. He was sentenced to two years to

run consecutively to his active sentence. The post-conviction relief (PCR) judge granted respondent relief. We reverse.

## ISSUE

Did the PCR judge err in granting respondent PCR?

## DISCUSSION

Respondent was placed in lock-up on January 28, 1996, and entered a plea of nolo contendere on March 26, 1996. At the PCR hearing, respondent testified he pled guilty so that he would be released from lock-up. The PCR judge held respondent's plea was involuntary. The State contends this was error. We agree.

A plea of nolo contendere is for all practical purposes treated as a guilty plea. *Kibler v. State,* 267 S.C. 250, 227 S.E.2d 199 (1976); *State v. Munsch,* 287 S.C. 313, 338 S.E.2d 329 (1985). In his order granting PCR, the PCR judge stated that "[w]hen the official policy of the department of corrections, an arm of the state, is to punish an inmate until his case is ended, the inmate is pressured to end the case as quickly as possible." However, we have held that "the fact that respondent may have entered a guilty plea in order to obtain his release from lock-up does not render the plea involuntary." *Satterwhite v. State,* 325 S.C. 254, 481 S.E.2d 709 (1997) (citing *Wicker v. State,* 310 S.C. 8, 425 S.E.2d 25 (1992) (although petitioner pled guilty to avoid a possible death sentence, the plea was entered with knowledge of the sentences attendant to the guilty plea and so was knowing and voluntary)). The PCR judge erred in not following this precedent. Accordingly, the order granting respondent PCR is

**REVERSED.**