THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
The State, Respondent,
v.
Roy Holmes, Appellant.
 
 
 

Appeal From Beaufort County
 Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2005UP563
Submitted October 3, 2005  Filed October 25, 2005    

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Randolph  Murdaugh, III,  of Hampton, for Respondent.
 
 
 

PER CURIAM: Roy Holmes appeals from his guilty plea to two counts of possession of cocaine with intent to distribute, two counts of distribution of cocaine, one count of possession of ecstasy, and one count of distribution of ecstasy.  He argues the circuit court should not have accepted his guilty plea because it was conditioned upon his belief that he could appeal the denial of his motion for new counsel.  We affirm[1] pursuant to Rule 220, SCACR, and the following authorities:  State v. Downs, 361 S.C. 141, 604 S.E.2d 377 (2004) (accepting the appellants guilty plea even though, at the time of the plea, appellant was unsure whether he wanted to later present evidence that he was mentally ill at the time of his crime because appellant never attempted to reserve the right to later deny his guilt); State v. Truesdale, 278 S.C. 368, 370, 296 S.E.2d 528, 529 (1982) (explaining that guilty pleas must be unconditional); Whetsell v. State, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981) (The general rule is that guilty pleas freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses . . . .).
AFFIRMED.
HEARN, C.J. and STILWELL and KITTREDGE, JJ., concur.

[1]  We affirm this case without oral argument pursuant to Rule 215, SCACR.