638 S.E.2d 91

The STATE, Respondent,

v.

William Rhett SNOWDON, Appellant.

No. 4169.

Court of Appeals of South Carolina.

Submitted Sept. 1, 2006.

Decided Oct. 23, 2006.

Rehearing Denied Dec. 19, 2006.

Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for respondent.

STILWELL, J.:

William Snowdon appeals the trial court's denial of his motion to suppress the introduction of marijuana discovered on his person during a search incident to his arrest. We affirm.[1]

## FACTS

Local police received a complaint of a disturbance at Snowdon's home. When the officers arrived at the scene, Snowdon was standing in his front yard "grossly intoxicated." He was arrested for breach of the peace. During a search incident to the arrest, the officer discovered a small quantity of marijuana in Snowdon's wallet. Snowdon was charged with breach of the peace and possession of marijuana.

Snowdon subsequently pled guilty to breach of the peace in magistrate court. Thereafter, and while he was on trial in circuit court for the marijuana charge, Snowdon sought to

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

suppress introduction of the marijuana, arguing that it was the fruit of a search following an illegal arrest made without probable cause. The trial court determined Snowdon's guilty plea in magistrate court precluded him from contesting the legality of his arrest and, *a fortiori*, the search incident thereto. Snowdon was convicted of possession of marijuana and sentenced to one year in prison.

## STANDARD OF REVIEW

The admission or exclusion of evidence is a matter addressed to the trial court's sound discretion. *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004). The court's ruling will not be disturbed unless a manifest abuse of discretion and probable prejudice are evident. *Id.* An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law. *State v. Wallace*, 364 S.C. 130, 135, 611 S.E.2d 332, 335 (Ct.App.2005).

## LAW/ANALYSIS

Generally, a knowing and voluntary guilty plea waives all non-jurisdictional defects and defenses, including claims of constitutional violations. *Rivers v. Strickland*, 264 S.C. 121, 124, 213 S.E.2d 97, 98 (1975). "A defendant who pleads guilty usually may not later raise independent claims of constitutional violations." *Gibson v. State*, 334 S.C. 515, 523, 514 S.E.2d 320, 324 (1999).

Snowdon does not contend that his guilty plea to breach of the peace was involuntary, nor does he assert that the search itself was otherwise improper. He relies solely on the contention that the officer's warrantless arrest for breach of the peace was without probable cause and therefore violated his constitutional rights. Continuing, he reasons the unconstitutional arrest made the search that was incident thereto improper, thereby requiring suppression of any evidence obtained as a result. This contention is without merit. Having pled guilty to breach of peace, Snowdon has waived any objection he may have had, and cannot, therefore, assert constitutionally based violations attendant to his initial arrest and the legal consequences flowing therefrom.

In addition, Snowdon is collaterally estopped from relitigating the issue of the validity of his arrest.[2] "Collateral estoppel prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action." *Koon v. State*, 358 S.C. 359, 364–365, 595 S.E.2d 456, 459 (2004) (overruled on other grounds by *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005)) (citing *Jinks v. Richland County*, 355 S.C. 341, 585 S.E.2d 281 (2003)). Because Snowdon pled guilty to breach of the peace, the issue of whether there was probable cause to arrest him for that offense was necessarily determined in the magistrate court proceeding. Consequently, the doctrine of collateral estoppel prevents Snowdon from raising that issue again at his trial for possession of marijuana.

For all of the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

---

2. Collateral estoppel can be used in a criminal proceeding. *See State v. Brown*, 201 S.C. 417, 424, 23 S.E.2d 381, 383 (1942) (holding that defendant was estopped from relitigating the value of stolen goods in magistrate court where circuit court determined value and remanded to magistrate court based on that determination).