# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Sherwin Alfonzo Green, Appellant.

Appellate Case No. 2019-000441

———————————

Appeal From Kershaw County
L. Casey Manning, Circuit Court Judge

———————————

Opinion No. 5907
Submitted February 1, 2022 – Filed May 4, 2022

———————————

## AFFIRMED

———————————

Appellate Defender Victor R. Seeger, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, for Respondent.

———————————

**HILL, J.:** Sherwin A. Green appeals his convictions for kidnapping, second-degree burglary, and two firearm offenses. Green contends the State violated his right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 14 of the South Carolina Constitution. We affirm.

## I. FACTS

Green was arrested on various charges in December 2012 and indicted in May 2013. He made several speedy trial motions thereafter. He contended the State was delaying his trial to pressure him into cooperating and testifying in a capital murder case. The State claimed Green had consented to the delays and moved for continuances on his own. In September 2018, Judge L. Casey Manning denied Green's third speedy trial motion. The next day, Green pled guilty pursuant to a negotiated plea agreement, which provided he would not receive more than twenty years' imprisonment. Judge Manning accepted the guilty pleas and sentenced Green to concurrent sentences of twenty years' imprisonment for kidnapping, fifteen years' imprisonment for the burglary charge, and five years' imprisonment on each of the firearms charges.

Green moved for reconsideration of his sentence based on his assistance to the State and argued the circuit court never ruled on the merits of his speedy trial motion. Following a hearing, Judge Manning denied Green's speedy trial motion but granted Green's motion to reconsider his sentence, reducing Green's sentence to an aggregate term of twelve years' imprisonment. This appeal follows.

## II. DISCUSSION

Our standard of review in criminal cases is limited to correcting errors of law. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). We are bound by the facts as the trial court found them, unless they are clearly erroneous. *Id*.

Green argues the State denied him his right to a speedy trial by purposefully delaying his case for thirty-three months, causing him actual prejudice. Green claims he never waived his right to appeal the violation of his right to a speedy trial, and his appeal concerns the State's right to prosecute him. We disagree.

"Few principles of South Carolina criminal law are as ingrained as the notion that a knowing, voluntary, and intelligent guilty plea 'constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights.'" *State v. Sims*, 423 S.C. 397, 400, 814 S.E.2d 632, 633 (Ct. App. 2018) (quoting *State v. Rice*, 401 S.C. 330, 331–32, 737 S.E.2d 485, 485 (2013)); *see Gibson v. State*, 334 S.C. 515, 523, 514 S.E.2d 320, 324 (1999) ("A defendant who pleads guilty usually may not later raise independent claims of constitutional violations."); *Vogel v. City of Myrtle Beach*, 291 S.C. 229, 231, 353 S.E.2d 137, 138 (1987) ("A plea of guilty constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea. It conclusively disposes of all

prior issues including independent claims of deprivations of constitutional rights." (citations omitted)); *accord Whetsell v. State*, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981); *State v. Snowdon*, 371 S.C. 331, 333, 638 S.E.2d 91, 92 (Ct. App. 2006).

South Carolina does not appear to have specifically addressed whether a defendant waives a speedy trial claim when he pleads guilty. Other jurisdictions have found the right to a speedy trial is non-jurisdictional and is waived by a defendant's guilty plea. *See, e.g.*, *Davis v. State*, 554 S.E.2d 583, 583–84 (Ga. Ct. App. 2001); *Anderson v. State*, 577 So. 2d 390, 391–92 (Miss. 1991) ("[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. We have generally included in this class 'those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States . . . .' We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin." (citations omitted) (second alteration in original) (quoting *Sanders v. State*, 440 So.2d 278, 283 (Miss. 1983))); *Smith v. State*, 871 P.2d 186, 188 (Wyo. 1994) ("A guilty plea waives non-jurisdictional defenses. . . . Constitutional challenges to pretrial proceedings, including speedy trial violations, are non-jurisdictional defenses." (citations omitted)); *Village of Montpelier v. Greeno*, 495 N.E.2d 581, 581–83 (Ohio 1986); *see also Washington v. Sobina*, 475 F.3d 162, 165–66 (3d Cir. 2007) (a guilty plea waives defendant's constitutional speedy trial claim) (collecting cases).

Green's speedy trial defense is not a jurisdictional claim or other claim that would have prevented the State from prosecuting him in the first place. *Cf. Sims*, 423 S.C. at 400–02, 814 S.E.2d at 633–34 (discussing criminal court's "jurisdictional power"). Therefore, we hold Green waived his constitutional right to a speedy trial when he voluntarily pled guilty. *See State v. Tucker*, 376 S.C. 412, 418, 656 S.E.2d 403, 406–07 (Ct. App. 2008) (defendant's statutory right to dismissal for violation of the Interstate Agreement on Detainers is nonjurisdictional and therefore waived by a guilty plea); *Snowdon*, 371 S.C. at 333, 638 S.E.2d at 92–93 (finding defendant waived his argument his warrantless arrest was without probable cause and violated his constitutional rights by pleading guilty); *State v. Thomason*, 341 S.C. 524, 526, 534 S.E.2d 708, 709 (Ct. App. 2000) (holding defendant waived his double jeopardy claims by pleading guilty). Because Green's guilty plea waived his speedy trial defense, we need not address the speedy trial issue on the merits. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when the disposition of another issue is dispositive). Accordingly, Green's convictions and sentences are

**AFFIRMED.**[1]

**GEATHERS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.