22665

Daniel Augustine VOGEL, Jr., Respondent v.
The CITY OF MYRTLE BEACH, Appellant.
(353 S. E. (2d) 137)

Supreme Court

*J. Jackson Thomas*, of *Stevens, Stevens, Thomas, Hearn & Hearn, P.A.*, and *E. Windell McCrackin*, of *McCracken & Barnett*, Myrtle Beach, *for appellant*.

*James B. Van Osdell* and *Cynthia Graham Howe*, both of *Van Osdell, Lester, Stewart, McCutchen & Brittain, P.A.*, Myrtle Beach, *for respondent*.

Heard Dec. 11, 1986.

Decided Feb. 2, 1987.

CHANDLER, Justice:

Daniel Augustine Vogel, Jr., (Vogel) brought this action to enjoin the City of Myrtle Beach (City) from enforcing certain building ordinances against him. The Circuit Court, holding the City's attempt to enforce the ordinances violated equal protection, issued a permanent injunction.

We reverse.

## FACTS

In May 1980, Vogel purchased an oceanfront home in Myrtle Beach. The City issued a building permit in August 1982 for the renovation of the house and the construction of additions. During construction, the City issued four "stop work" orders. Vogel petitioned the Circuit Court for injunctive relief. A temporary restraining order and a permanent injunction were issued restraining the City from further interfering with completion of the construction. Thereafter, the City's plumbing and electrical inspectors again ordered construction halted. The Circuit Court held the City in contempt, fined it $500 and assessed $500 attorney's fees in favor of Vogel.

Vogel was arrested on January 31, 1984, on charges he had built a sun deck: (1) on public property (on the beach beyond the dune line) and (2) without a building permit. Both these actions violate the City's code. At the subsequent trial in municipal court, Vogel appeared without an attorney and ·pleaded guilty to the violations. He was fined $420 and ordered to remove the sun deck. Vogel appealed to the Circuit Court alleging that several pretrial motions had been erroneously denied. The Circuit Court dismissed the action, holding Vogel's guilty plea waived his right of appeal. This Court affirmed pursuant to Supreme Court Rule 23.

Vogel then instituted the present *civil* action in Circuit Court to enjoin the City from enforcing the order requiring him to dismantle the sun deck. He alleged the City's attempt to enforce the ordinances against him violated equal protection because he was selectively prosecuted in bad faith. ·

The Circuit Court granted an injunction rejecting the City's contention that Vogel's plea of guilty constituted a waiver of the right to challenge his prosecution on equal protection grounds.

## ISSUE

Whether Vogel, by pleading guilty to the violation of the ordinances in municipal court, waived his right to challenge his prosecution on constitutional grounds in a subsequent civil action.

## DISCUSSION

A plea of guilty constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea. *State v. Fuller*, 254 S. C. 260, 174 S. E. (2d) 774 (1970); *Whetsell v. State*, 276 S. C. 295, 277 S. E. (2d) 891 (1981); 21 Am. Jur. (2d) *Criminal Law* § 490 (1981). It conclusively disposes of all prior issues including independent claims of deprivations of constitutional rights.

We agree with the City that Vogel's guilty plea waived his right to assert a claim of unconstitutional enforcement of the ordinances. In effect, he seeks to enjoin the enforcement of the prior injunction issued by the municipal court. This injunction is the law of the case between these parties and has *res judicata* effect.

Accordingly, we hold the Circuit Court erred in granting Vogel an injuntion.

Reversed.

NESS, C. J., GREGORY and FINNEY, JJ., and RODNEY A. PEEPLES, Acting J., concur.