23906

Randy JOHNSON, Petitioner v. STATE of South Carolina, Respondent.

(437 S.E. (2d) 20)

Supreme Court

*Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, Columbia, for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, and Asst. Atty. Gen. Delbert H. Singleton, Jr., Columbia, for respondent.*

Submitted July 6, 1993.

Decided July 19, 1993.

*Per Curiam:*

Petitioner was indicted for one count of murder, one count of assault and battery with intent to kill, eleven counts of housebreaking and larceny, and three counts of housebreaking with intent to commit a crime. Petitioner was fourteen years old when each of these crimes were committed, with the exception of one count of housebreaking and one count of larceny. When those two crimes were committed, petitioner was thirteen years old. Petitioner has filed a petition for a writ of certiorari from the denial, after a hearing, of his second application for postconviction relief. We grant certiorari to review the jurisdiction of the court of general sessions over several of the charges against petitioner.

South Carolina Code Ann. § 20-7-430(5) (1985) provides as follows:

> If a child of fourteen or fifteen years of age who has two prior and unrelated adjudications of assault, assault and battery with intent to kill, assault and battery of a high and aggravated nature, arson, housebreaking, burglary, kidnapping, attempted criminal sexual conduct or robbery and is currently charged with a third or subsequent such offense, the court may after full investigation and hearing, if it deems it contrary to the best interest of such child or of the public to retain jurisdiction, acting as committing magistrate, bind over such child for proper criminal proceedings to any court which would have trial jurisdiction of such offenses if committed by an adult.

Pursuant to this statute, and § 20-7-430(6), petitioner was bound over to the court of general sessions on all charges. We find that the court of general sessions did not have jurisdiction over the charges of housebreaking and of larceny alleged in Indictment 88-GS-30-79, nor did it have jurisdiction over the ten remaining charges of larceny.

Indictment 83-GS-30-79 alleges that on November 15, 1982, petitioner committed one count of housebreaking and one count of larceny. Petitioner was only thirteen years old when these crimes were committed. Section 20-7-430(5) does not state whether a juvenile defendant must be

fourteen at the time the crime is committed or at the time he is charged with the crime. However, when § 20-7-430 is read as a whole, it is clear that the legislature intended for the family court to make a determination of waiver based upon the juvenile's age at the time the crime was committed. *See Higgins v. State,* 307 S.C. 446, 415 S.E. (2d) 799 (1992). Since petitioner was only thirteen years old when he committed the crimes alleged in Indictment 83-GS-30-79, waiver was not an option; *therefore,* the court of general sessions did not have jurisdiction over those charges pursuant to § 20-7-430(5). Accordingly, we vacate petitioner's convictions and sentences for the crimes alleged in Indictment 83-GS-30-79.

Section 20-7-43-(3) sets out nine specific offenses for which a fourteen or fifteen year old may be bound over to the court of general sessions. Larceny is not one of those offenses. In this case, petitioner was charged and convicted of ten counts of larceny in the court of general sessions, in addition to the one count alleged in Indictment 83-GS-30-79. We hold that only those offenses specifically enumerated in § 20-7-430(5) may be waived up to the court of general sessions. Since larceny is not one of those offenses, we vacate petitioner's convictions and sentences for the ten remaining counts of larceny.

Petitioner was also charged with assault and battery with intent to kill, which is one of the crimes enumerated in § 20-7-430(5). Pursuant to § 20-7-430(5), in order for the court of general sessions to have jurisdiction over the offense, petitioner must be charged with his third or subsequent "such offense." Although petitioner does not have a prior conviction for assault and battery with intent to kill, he does have two prior and unrelated adjudications for assault and battery, as well as robbery and housebreaking. We do not read § 20-7-430(5) to require that a juvenile defendant have two prior and unrelated adjudications for the exact offense with which he is currently charged. Such a reading would lead to an absurd result which would severely narrow the applicability of the statute. *See State ex rel. McLeod v. Montgomery,* 244 S.C. 308, 136 S.E. (2d) 778 (1964). Instead, we find it sufficient if he has two prior and unrelated adjudications for any of the offenses enumerated in § 20-7-430(5). Accordingly, we find that petitioner in the case at hand was properly bound over to

the court of general sessions on the charge of assault and battery with intent to kill.

We affirm petitioner's convictions for murder, assault and battery with intent to kill and housebreaking, with the exception of the charge of housebreaking alleged in Indictment 83-GS-30-79. We vacate petitioner's convictions for housebreaking and larceny alleged in Indictment 83-GS-30-79, as well as his convictions on the remaining ten counts of larceny.

Affirmed in part; vacated in part.

MOORE, J., not participating.