575 S.E.2d 547

**Leonard AUSTIN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25577.

Supreme Court of South Carolina.

Submitted Nov. 21, 2002.

Decided Jan. 13, 2003.

Assistant Appellate Defender Tara S. Taggart, of Columbia, for Petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Attorney General William Bryan Dukes, all of Columbia, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review the denial of Petitioner's application for Post–Conviction Relief (PCR). We vacate the plea to possession of a firearm during commission of a violent crime and remand the matter to family court.

## FACTS

Austin was charged with three counts of armed robbery, one count of assault and battery with intent to kill (ABIK), and one count of possession of a firearm during the commission of a violent crime. The crimes occurred on June 24, June 27,[1] and July 1, 1996, at a time when Austin was 15 years old (his date of birth is August 2, 1980). Austin had no prior adjudications.

The family court transferred jurisdiction of the offenses to general sessions court pursuant to S.C.Code Ann. § 20–7–430(5)(1985).[2] Austin pled guilty to one count of armed robbery, ABIK and possession of a firearm during commission of a violent crime. He was sentenced to twenty years for armed robbery, twenty years for ABIK, and five years, consecutive, for possession of a firearm. His application for PCR was denied; however, he was granted a belated review of his direct appeal under *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974). We directed the parties to brief the following issue:

---

1. The ABIK and possession of firearm occurred simultaneous with the June 27, 1996 armed robbery.

2. Section 20–7–430 was repealed by 1996 Act No. 383, § 2, eff. July 1, 1996. It was replaced by S.C.Code Ann. § 20–7–7605 (Supp.2001).

Did the Family Court have the power pursuant to S.C.Code
Ann. § 20–7–430(5) (1985) to transfer the charge of posses-
sion of a weapon during the commission of a violent crime to
circuit court?

## DISCUSSION

 Austin was fifteen years old when he committed the
offenses to which he pled guilty (the June 27, 1996 offenses).
At the time, S.C.Code Ann. § 20–7–430(5) provided:

> If a child fourteen or fifteen years of age is charged with an
> offense which, if committed by an adult, would be a **Class A,
> B, C, or D felony** as defined in Section 16–1–20 or a felony
> which provides for a maximum term of imprisonment of
> fifteen years or more, the court, after full investigation and
> hearing, may determine it contrary to the best interest of
> such child or of the public to retain jurisdiction. The court,
> acting as committing magistrate, may bind over the child for
> proper criminal proceedings to a court which would have
> trial jurisdiction of the offenses if committed by an adult.
> (Emphasis supplied).

Possession of a firearm during commission of a violent crime is
not a Class A, B, C, or D felony; rather it is a Class F felony
pursuant to S.C.Code Ann. § 16–1–90(f), which is not specifi-
cally enumerated in section 20–7–430(5). We have specifically
held that only those offenses specifically enumerated in
S.C.Code Ann. § 20–7–430(5) may be waived up to the court of
general sessions. *Johnson v. State*, 312 S.C. 556, 437 S.E.2d
20 (1993). The court of general sessions does not have
jurisdiction over charges which are not within the ambit of
section 20–7–430(5). *Id.* Because the offense of possession of
a firearm during commission of a violent crime may not be
waived up for fourteen or fifteen year olds, the circuit court
was without jurisdiction over the charge. *Cf. Slocumb v.
State*, 337 S.C. 46, 522 S.E.2d 809 (1999) (where petitioner was
thirteen at time he committed offense, general sessions court
was without jurisdiction to accept his plea to CSC charge).
Accordingly, Austin's plea and sentence to possession of a

firearm is vacated and the matter remanded to the family court.[3]

**VACATED AND REMANDED.**

TOAL, C.J., BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.

---

**3.** Austin's remaining pleas and sentences are unaffected.