737 S.E.2d 485

The STATE, Respondent,

v.

Jarmel L. RICE, Appellant.

Appellate Case No. 2009–141166.

No. 27210.

Supreme Court of South Carolina.

Submitted Oct. 1, 2012.

Decided Jan. 16, 2013.

Appellate Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia, and Solicitor Christina T. Adams, of Anderson, for the State.

Justice KITTREDGE.

This is a direct appeal from a guilty plea. We affirm.

## I.

Appellant Jarmel Rice was charged as a juvenile when he was fifteen years old for a series of violent crimes. Following a contested waiver from family court to general sessions court, Appellant pled guilty to three counts of armed robbery and one count of assault with intent to kill and received a sentence of eleven years in prison, with many other charges dismissed. In pleading guilty, Appellant raised no objection to the family court waiver. On appeal, Appellant seeks to resurrect his family court constitutional challenge to the waiver as violative of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## A.

South Carolina does not recognize conditional guilty pleas. *State v. Truesdale*, 278 S.C. 368, 370, 296 S.E.2d 528, 529 (1982); *see also In re Johnny Lee W.*, 371 S.C. 217, 220, 638 S.E.2d 682, 684 (2006) ("A trial court may not accept a conditional plea."). Rather, in South Carolina, a guilty plea constitutes a waiver of nonjurisdictional defects and claims of

violations of constitutional rights. *See Hyman v. State,* 397 S.C. 35, 723 S.E.2d 375 (2012) (citing *Rivers v. Strickland,* 264 S.C. 121, 124, 213 S.E.2d 97, 98 (1975)) (noting that a valid guilty plea constitutes a waiver of nonjurisdictional defects and defenses). The rationale for this rule has been long understood, as the United States Supreme Court (USSC) stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the plea....

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see also State v. Passaro,* 350 S.C. 499, 506, 567 S.E.2d 862, 866 (2002) (stating a "a guilty plea generally constitutes a waiver of non-jurisdictional defects and claims of violations of constitutional rights"); *Vogel v. City of Myrtle Beach,* 291 S.C. 229, 231, 353 S.E.2d 137, 138 (1987) ("A plea of guilty constitutes a waiver of nonjurisdictional defects and defenses.... It conclusively disposes of all prior issues including independent claims of deprivations of constitutional rights."); *State v. Tucker,* 376 S.C. 412, 418, 656 S.E.2d 403, 406–07 (Ct.App.2008) (finding a defendant's plea of guilty waived any challenge to his conviction based on an alleged pre-trial violation of statutorily prescribed procedure).

While South Carolina has remained steadfast in its opposition to conditional guilty pleas, many states allow conditional guilty pleas, primarily through statutes and court rules. In fact today, most states, all federal courts, military courts, and the District of Columbia permit conditional guilty pleas in some manner. *See People v. Neuhaus,* 240 P.3d 391, 394–96 (Colo.Ct.App.2009) (providing a general review of the varying approaches as to conditional guilty pleas). Because South Carolina permits only unconditional guilty pleas and no jurisdictional claim is presented, Appellant waived his right to assert a claim based on *Apprendi.* Nevertheless, we proceed further in light of the dissent.

## B.

The dissent laments how unfair it would be to require this juvenile to proceed to trial and forgo the favorable plea offer to preserve his right to challenge the transfer from family court to the court of general sessions. Yet, that is the essence of our law disallowing conditional pleas, and it applies equally to juveniles and adults. The dissent further characterizes Appellant's challenge as jurisdictional. Respectfully, we do not view Appellant's argument as jurisdictional in nature. Appellant casts his issue on appeal as a constitutional claim, not a jurisdictional one. Specifically, Appellant posits that South Carolina's juvenile transfer law violates his "Sixth Amendment right to a jury trial and due process of law under *Apprendi* . . . ."

■ Beyond Appellant's failure to assert a jurisdictional argument on appeal, were we to read his brief as broadly as does the dissent, we would nevertheless reject the assertion of a jurisdictional error. We find instructive the case of *State v. Yodprasit*, which considered this very issue. 564 N.W.2d 383 (Iowa 1997). Yodprasit, a juvenile offender, pled guilty in adult court following the waiver of jurisdiction by the juvenile court. On appeal, Yodprasit challenged the juvenile court's waiver of jurisdiction, specifically asserting a jurisdictional error. The Iowa Supreme Court disagreed, holding that any such error is "judicial, not jurisdictional." *Id.* at 386 ("A juvenile court might enter an erroneous order waiving juris-diction. . . . Such an order, however, does not undermine the district court's subject matter jurisdiction to conduct the criminal proceedings, accept a plea of guilty, and sentence the defendant-juvenile. In short, the error is judicial, not jurisdic-tional."). The *Yodprasit* court held that an error in a waiver proceeding which does not deprive the adult court of jurisdic-tion over criminal proceedings involving a juvenile can be waived if the juvenile pleads guilty. *Id.* at 387. We agree with *Yodprasit's* reasoning that an erroneous order transfer-ring a juvenile to general sessions court would be a judicial error—not a jurisdictional error.

## II.

■ In any event, Appellant's *Apprendi* challenge fails on the merits. In *Apprendi*, the USSC held that "[o]ther than

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. This applies to any fact that will "expose the defendant to a greater punishment than that authorized by the jury's verdict." *Id.* at 494, 120 S.Ct. 2348; *see also Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (clarifying that for purposes of *Apprendi,* the "statutory maximum" is the maximum term of imprisonment a court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant"). In *Oregon v. Ice,* in which the USSC held *Apprendi* did not apply to findings of fact required as a predicate to imposing consecutive, rather than concurrent, sentences on a defendant, the USSC stated "[t]here is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark *at trial* between the State and the accused." 555 U.S. 160, 169, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009) (emphasis added).

Indeed, many challenges similar to Appellant's have been rejected on the basis that *Apprendi* is not applicable. *See e.g., United States v. Juvenile,* 228 F.3d 987 (9th Cir.2000) (holding that juvenile transfer does not increase punishment but merely establishes a basis for district court jurisdiction); *State v. Kalmakoff,* 122 P.3d 224 (Alaska App.2005) (finding juvenile waiver hearings are not sentencing proceedings and therefore not governed by *Apprendi* ); *State v. Rodriguez,* 205 Ariz. 392, 71 P.3d 919 (Ct.App.2003) (finding transfer statute does not implicate *Apprendi* because it does not subject a juvenile to enhanced punishment but only to the adult criminal justice system); *People v. Beltran,* 327 Ill.App.3d 685, 262 Ill.Dec. 463, 765 N.E.2d 1071 (2002) (concluding *Apprendi* does not apply to a decision to prosecute defendant as adult because transfer hearing is not adjudicatory); *Villalon v. State,* 956 N.E.2d 697 (Ind.Ct.App.2011) (concluding that the juvenile waiver statute does not provide sentencing enhancement correlated with proof of a particular fact and, therefore, does not implicate the core concerns of *Apprendi* ); *State v. Jones,* 273 Kan. 756, 47 P.3d 783 (2002) (holding *Apprendi* does not apply to juvenile waiver hearings because they determine only which judicial system is appropriate for juvenile offender); *Caldwell*

*v. Commonwealth,* 133 S.W.3d 445 (Ky.2004) (holding that a juvenile transfer proceeding does not implicate *Apprendi* because it does not involve sentencing or a determination of guilt or innocence); *State v. Andrews,* 329 S.W.3d 369 (Mo.2010) (finding *Apprendi* does not apply to juvenile transfer proceedings because transfer does not enhance the potential maximum sentence but merely determines proper forum); *State v. Rudy B.,* 149 N.M. 22, 243 P.3d 726 (2010) (finding *Apprendi* not applicable to an evidentiary hearing to determine whether a juvenile adjudicated as a youthful offender should be sentenced as a juvenile or as an adult); *State v. Childress,* 169 Wash.App. 523, 280 P.3d 1144 (2012) (finding statutory procedure for declination of jurisdiction by juvenile court does not violate a defendant's right to a jury trial). We adopt this approach and hold that *Apprendi* is not applicable to a family court juvenile waiver hearing, for the decision whether to waive a juvenile to general sessions court in no manner determines the juvenile's guilt, innocence, or punishment—it merely determines the forum in which the case is to be tried.

**AFFIRMED.**

TOAL, C.J., BEATTY and HEARN, JJ., concur.

PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

Justice PLEICONES.

I agree with the majority that our state's juvenile waiver procedure does not implicate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). I write separately, however, because I do not agree that appellant's decision to plead guilty in general sessions court waived his right to appeal the family court's waiver decision.

The circuit court has jurisdiction over an appeal from a family court order in only one circumstance: when the family court judge has denied the State's request to transfer a matter that charges a juvenile with murder or with criminal sexual conduct. S.C.Code Ann. § 63–19–1210(6) (2010). Other than in this one circumstance, appeals from a family court order are cognizable only in either the Court of Appeals or the Supreme Court. In my opinion, since the court of general sessions has

no jurisdiction over the family court order that transferred appellant, he cannot be said to have waived his right to appeal by pleading guilty in that forum. A party need not raise an issue before a tribunal that lacks jurisdiction to adjudicate the claim in order to preserve the issue for appeal. *E.g., Travelscape, LLC v. South Carolina Dept. of Rev.*, 391 S.C. 89, 705 S.E.2d 28 (2011); *Video Gaming Consultants, Inc. v. South Carolina Dep't of Rev.*, 342 S.C. 34, 535 S.E.2d 642 (2000). I would not hold that a guilty plea in general sessions acts as a waiver of a juvenile's right to appeal the family court's transfer order.

It is well-settled that a juvenile who has been waived to general sessions may not immediately appeal that order but must wait, like other criminal defendants, until he has been sentenced. *E.g., State v. Lockhart*, 275 S.C. 160, 267 S.E.2d 720 (1980). In my opinion, it would violate our *parens patriae* duty [1] as well as public policy to require a juvenile to forego a plea opportunity in order to preserve his right to appeal. Here, appellant received a sentence of eleven years in exchange for a guilty plea to four charges and the dropping of others. Had he not accepted the State's plea offer, appellant faced five counts of armed robbery, four counts of kidnapping, three counts of possession a weapon during the commission of a crime, and one count each of criminal conspiracy, unlawfully carrying a pistol, assault with intent to kill, safecracking, and petit larceny. Each armed robbery count and each kidnapping count carried the possibility of a thirty-year sentence. I would not require a juvenile to forego a negotiated plea and face a trial in order to preserve his right to appeal the transfer order.[2]

Finally, the majority cites *Vogel v. City of Myrtle Beach*, 291 S.C. 229, 353 S.E.2d 137 (1987), for the proposition that a guilty plea waives "nonjurisdictional defects and defenses, including claim of violation of constitutional rights prior to the

---

1. *See State v. Pittman*, 373 S.C. 527, 647 S.E.2d 144 (2007) (recognizing *parens patriae* in juvenile proceeding).

2. As the Supreme Court has recognized, plea bargaining is the norm in our criminal justice system. *See Missouri v. Frye*, —— U.S. ——, ——, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) (since 97% of federal convictions and 94% of state convictions result from pleas, plea negotiations are "almost always the critical point for a defendant").

plea. . . . It conclusively disposes of all prior issues including independent claims of deprivation of constitutional rights." Appellant is raising a jurisdictional challenge, alleging the transfer from family court to general sessions was accomplished under an unconstitutional statute. The unlawful waiver of jurisdiction over a juvenile does not confer subject matter jurisdiction on the court of general sessions. *E.g.*, *Austin v. State*, 352 S.C. 473, 575 S.E.2d 547 (2003).[3] There is no plea waiver here. Moreover, I would not apply the waiver rule where the appellant is not challenging anything related to the criminal proceedings against him or his plea, but rather the constitutionality of a procedural statute. *Cf. State v. Inman*, 395 S.C. 539, 720 S.E.2d 31 (2011) (capital defendant did not render plea conditional by appealing constitutionality of procedural sentencing statute since his claim did not affect validity of plea itself).

I concur in the holding that *Apprendi* does not apply, but dissent from that part of the majority opinion finding appellant waived his right to appeal the family court's transfer order.

---

3. The fundamental question of subject matter jurisdiction is determined by South Carolina law, and an appellate court should take notice of a defect *ex mero motu*. *E.g., State v. Gorie*, 256 S.C. 539, 183 S.E.2d 334 (1971).