**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alphonso Morgan, Jr., Appellant.

Appellate Case No. 2016-000269

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-233
Submitted May 1, 2018 – Filed June 6, 2018

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Alphonso Morgan, Jr. appeals the trial court's denial of his motion for immunity from prosecution under the Protection of Persons and

Property Act.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Munsch*, 287 S.C. 313, 314, 338 S.E.2d 329, 330 (1985) ("Guilty pleas act as a waiver of all non-jurisdictional defects and defenses."); *Whetsell v. State*, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981) ("The general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea."); *Vogel v. City of Myrtle Beach*, 291 S.C. 229, 231, 353 S.E.2d 137, 138 (1987) ("[A guilty plea] conclusively disposes of all prior issues including independent claims of deprivations of constitutional rights."); *State v. Tucker*, 376 S.C. 412, 418, 656 S.E.2d 403, 406 (Ct. App. 2008) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." (quoting *U.S. v. Broce Construction Co.*, 488 U.S. 563, 565 (1989))); *State v. Sims*, Op. No. 5553 (S.C. Ct. App. filed April 18, 2018) (Shearouse Adv. Sheet No. 16 at 30, 33) (finding "[appellant's] statutory immunity claim [under the Protection of Persons and Property Act] warrants no exception to the rule against conditional pleas and the key role it plays in ensuring the finality of judgments" and holding "the viability of [appellant's] immunity claim ended with his plea").

**AFFIRMED.**[2]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.