**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca J. Robbins and Marie Babayan, individually and on behalf of all those similarly situated, Appellants,

v.

Town of Turbeville and the Town of Turbeville Police Department, Respondents,

v.

The State of South Carolina, Third Party Defendant.

Appellate Case No. 2019-001970

———————

Appeal From Clarendon County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-265
Submitted May 1, 2022 – Filed June 15, 2022

———————

**AFFIRMED**

———————

John S. Simmons, of Simmons Law Firm, LLC, of Columbia, for Appellants.

John S. Wilkerson, III and Richard S. Dukes, Jr., both of Turner Padget Graham & Laney, PA, of Charleston; and

William H. Johnson, of Johnson, DuRant & Nester, LLC, of Manning, all for Respondents.

**PER CURIAM:**  Rebecca J. Robbins and Marie Babayan (Appellants) appeal the circuit court's order granting summary judgment to the Town of Turbeville and the Turbeville Police Department (collectively, the Town) and denying their motion for class certification, arguing the circuit court erred in (1) finding their equitable claims were moot because the issues remain capable of repetition yet evading review and involve a matter of important public interest and therefore failing to enter judgment in Appellants' favor on their equitable claims and to declare the Town's Traffic and Penalty Ordinances (Ordinances) unconstitutional, (2) finding Appellants' claims were barred by the Uniform Post-Conviction Relief (PCR) Act[1] when they were seeking the equitable remedy of disgorgement of fines paid, and (3) holding Appellants failed to establish the requirements for class certification. We affirm.

1.  Appellants failed to prove the circuit court erred in finding their claims for injunctive and declaratory relief were moot as their arguments concerning the exceptions to the mootness doctrine are not preserved for appellate review because the circuit court did not address the exceptions, and Appellants did not file a post-trial motion requesting the court address them. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding an issue "must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review"); *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the [circuit] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e)[, SCRCP,] motion to alter or amend the judgment.").

2.  The circuit court did not err in granting summary judgment on Appellants' claim for damages because a PCR action was the only remedy available to Babayan for conviction under an allegedly invalid ordinance. *See State v. Truesdale*, 345 S.C. 542, 548, 548 S.E.2d 896, 899 (Ct. App. 2001) ("[T]he payment of bond and the forfeiture of that bond prior to trial for traffic offenses shall have the same effect as a guilty plea and conviction."); S.C. Code Ann. § 56-5-6220 (2018) ("Notwithstanding any other provision of law, the entry of any plea of guilty, the forfeiture of any bail posted[,] or the entry of [a] plea of nolo contendere for a violation of the traffic laws of this State or any political subdivision thereof shall

---

[1] S.C. Code Ann. §§ 17-27-10 to -160 (2014).

have the same effect as a conviction after trial under the provisions of such traffic laws."); *Vogel v. City of Myrtle Beach*, 291 S.C. 229, 231, 353 S.E.2d 137, 138 (1987) ("A plea of guilty constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea."); *id.* ("It conclusively disposes of all prior issues including independent claims of deprivations of constitutional rights."); S.C. Code Ann. § 17-27-20(A)(1) (2014) (setting forth the PCR procedures for securing relief when a person convicted of, or sentenced for, a crime claims "the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State."); S.C. Code Ann. § 17-27-20(B) (2014) ("Except as otherwise provided in this chapter, [this remedy] comprehends and takes the place of all other common law, statutory[,] or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."); *Verenes v. Alvanos*, 387 S.C. 11, 18, 690 S.E.2d 771, 774 (2010) ("Disgorgement is an equitable remedy . . . ."); *Nutt Corp. v. Howell Rd., LLC*, 396 S.C. 323, 327, 721 S.E.2d 447, 449 (Ct. App. 2011) ("[E]quity is generally only available when a party is without an adequate remedy at law.").

3. Because we hold the circuit court did not err in granting the Town summary judgment on Appellants' claims, we need not address Appellants' arguments concerning class certification. *See Ahrens v. State*, 392 S.C. 340, 357, 709 S.E.2d 54, 63 (2011) (declining to address issues concerning class certification upon concluding the named plaintiffs did not have a contractual or equitable remedy).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.