**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Isaac Colden Duran, Appellant.

Appellate Case No. 2021-000280

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-381
Submitted November 1, 2023 – Filed December 6, 2023

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

———————

**PER CURIAM:** Isaac Colden Duran appeals his conviction for voluntary manslaughter and his sentence of twenty-five years' imprisonment. On appeal, Duran argues the plea court did not have jurisdiction to accept his plea because the family court improperly waived jurisdiction of his case to the court of general

sessions when his case did not meet the requirements for the transfer. We affirm pursuant to Rule 220(b), SCACR.

We hold Duran waived his right to contest the validity of the family court's transfer of his case when he pled guilty to voluntary manslaughter. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty . . . he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ."); *State v. Rice*, 401 S.C. 330, 331-32, 737 S.E.2d 485, 485 (2013) ("[A] guilty plea constitutes a waiver of non-jurisdictional defects and claims of violations of constitutional rights."); *id.* at 333, 737 S.E.2d at 486 (agreeing with the Iowa Supreme Court's reasoning that "an erroneous order transferring a juvenile to general sessions court would be a judicial error—not a jurisdictional error").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.