**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Gordon, Appellant.

Appellate Case No. 2021-001280

———————————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-239
Submitted June 1, 2024 – Filed July 3, 2024

———————————

**AFFIRMED**

———————————

Antonio Gordon, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————————

**PER CURIAM:** Antonio Gordon appeals the denial of his motion to vacate his convictions and sentences. On appeal, Gordon argues the circuit court erred by (1) finding the general sessions court had jurisdiction to hear his guilty plea when he was a juvenile at the time of the offenses and should have been adjudicated in

family court; and (2) not making a finding regarding the constitutionality of section 20-7-6605 of the South Carolina Code (Supp. 1998). We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(a), SCRCrimP ("Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days after the imposition of the sentence."); *State v. Warren*, 392 S.C. 235, 239, 708 S.E.2d 234, 236 (Ct. App. 2011) ("The court does not retain authority to entertain a motion which is not made within ten days of sentencing."); *Gantt v. Selph*, 423 S.C. 333, 338, 814 S.E.2d 523, 525-26 (2018) ("Lack of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal."); *State v. Rice*, 401 S.C. 330, 333, 737 S.E.2d 485, 486 (2013) (agreeing with the Iowa Supreme Court's reasoning that "an erroneous order transferring a juvenile to general sessions court would be a judicial error— not a jurisdictional error").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.