**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

John Kenneth Totherow, Appellant.

Appellate Case No. 2023-001483

Appeal From York County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2026-UP-070
Submitted January 2, 2026 – Filed February 18, 2026

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART**

William G. Yarborough, III, and Lauren C. Hobbis, both of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

**PER CURIAM:**  John Kenneth Totherow appeals his convictions for voluntary manslaughter and possession of a weapon during the commission of a violent crime and his sentences of 339 months' imprisonment for voluntary manslaughter, to be served concurrently with five years' imprisonment for the weapon charge. On appeal, Totherow argues (1) the plea court did not have jurisdiction to accept his guilty plea because his waiver of his right to a transfer hearing was improper, insufficient, and made without the requisite findings and (2) the plea court did not have jurisdiction to accept his guilty plea to the weapon charge because the charge was not subject to transfer.[1]  We affirm in part, vacate in part, and remand in part, pursuant to Rule 220(b), SCACR.

1.  We hold Totherow waived his right to contest the family court's transfer of his voluntary manslaughter charge when he pled guilty.  *See State v. Rice*, 401 S.C. 330, 331-32, 737 S.E.2d 485, 485 (2013) ("[A] guilty plea constitutes a waiver of non[-]jurisdictional defects and claims of violations of constitutional rights."); *id.* at 333, 737 S.E.2d at 486 (stating that "an erroneous order transferring a juvenile to general sessions court would be a judicial error—not a jurisdictional error"); *id.* ("A juvenile court might enter an erroneous order waiving jurisdiction. . . .  Such an order, however, does not undermine the [circuit] court's subject matter jurisdiction to conduct the criminal proceedings, accept a plea of guilty, and sentence the defendant-juvenile." (quoting *State v. Yodprasit*, 564 N.W.2d 383, 386 (Iowa 1997))).

2.  We vacate Totherow's conviction for possession of a weapon during the commission of a violent crime because the plea court lacked subject matter jurisdiction to accept his guilty plea to that offense.  The weapon charge was not statutorily eligible for transfer from family court to the court of general sessions, and subject matter jurisdiction cannot be conferred by consent or waiver.  *See* S.C. Code Ann. § 63-19-1210(5) (2025) ("If a child fourteen, fifteen, or sixteen years of age is charged with an offense which, if committed by an adult, would be a Class A, B, C, or D felony . . . or a felony which provides for a maximum term of imprisonment of fifteen years or more, the court, after full investigation and hearing, may determine it contrary to the best interest of the child or of the public to retain jurisdiction."); S.C. Code Ann. § 16-23-490(A) (2015) (stating possession of a weapon during the commission of a violent crime carries a mandatory penalty of five years' imprisonment); S.C. Code Ann. § 16-1-90(F) (2025) (stating possession of a weapon during the commission of a violent crime is classified as a Class F felony); *Eldridge v. City of Greenwood*, 331 S.C. 398, 408, 503 S.E.2d

---

[1] At the time of the offenses, Totherow was fourteen years old.

191, 196 (Ct. App. 1998) ("Claims of lack of subject matter jurisdiction may be raised at any time, and subject matter jurisdiction may not be waived by . . . consenting to the jurisdiction of a particular court."); *Austin v. State*, 352 S.C. 473, 475, 575 S.E.2d 547, 548 (2003) (vacating a juvenile's guilty plea to possession of a firearm during commission of a violent crime, finding it was "not a Class A, B, C, or D felony" and "[b]ecause the offense of possession of a firearm during commission of a violent crime may not be waived up for fourteen or fifteen year olds, the circuit court was without jurisdiction over the charge"). Accordingly, we remand the possession of a weapon during the commission of a violent crime charge to the family court for adjudication.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.